**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

MARIA DIVINAGRACIA LONG,            Case No.  25-13840-EPK
                                                                          Chapter 13

      Debtor.
_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY[1]

**Any interested party who fails to file and serve a written response to this motion within 14 days after the date of service stated in this motion, pursuant to Local Rule 4001-1(C), will be deemed to have consented to the entry of an order granting the relief requested in the motion.**

LINCOLN SUNRISE, LLC ("***Lincoln Sunrise***"), by and through undersigned counsel and pursuant to 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001, and Local Rule 4001-1, moves the Court (the "***Motion***") for entry of an order granting relief from the automatic stay to permit Lincoln Sunrise to continue prosecuting its eviction proceedings against LATTEA, LLC, a Florida limited liability company ("***LATTEA***"), a non-debtor entity, under a written Business Lease dated December 16, 2022, as amended ("***Lease***"), for which MARIA DIVINAGRACIA LONG (the "***Debtor***"), is a personal guarantor.  In support of the Motion, Lincoln Sunrise respectfully represents:

### SUMMARY OF ARGUMENT

Lincoln Sunrise seeks relief from the automatic stay in order to continue prosecuting its state court eviction action against the Lattea that leases the subject property, but that is not a debtor

---

[1] Movant, Lincoln Sunrise, does not believe that the Court's Guidelines for Motion for Relief from the Automatic Stay apply to the instant Motion given the nature of the relief sought.  In the event that the Court believes that the Guidelines do apply to this Motion, Lincoln Sunrise seeks relief from the Guidelines.

**GLENN L. WIDOM, P.A.**
A PROFESSIONAL ASSOCIATION

entity in this or any other bankruptcy case.  The Debtor is believed to own a membership interest and control LATTEA prepetition that leases the commercial property located at 6169 Jog Road, Unit #A14, Lake Worth, FL 33467 (the "*Property*").  The Debtor granted Lincoln Sunrise a personal guaranty in connection with LATTEA's lease of the Property.  However, because LATTEA is not a debtor, the automatic stay does not apply.  Consequently, in an abundance of caution, Lincoln Sunrise is seeking stay relief to complete the eviction process against the non-debtor entity.  Lincoln Sunrise, however, believes the automatic stay does not apply to protect these non-estate assets against eviction.

## JURISDICTION AND VENUE

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

## BACKGROUND

1. On April 9, 2025 (the "*Petition Date*") the Debtor filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code.

2. Prior to the Petition Date, Lincoln Sunrise was prosecuting an action in the County Court in and for Palm Beach County, FL to evict LATTEA from the Property.[2] The Property is leased by a non-debtor entity, LATTEA.  The Debtor, in turn, signed a personal guaranty of the amounts owed by LATTEA to Lincoln Sunrise under the Lease.

## BASIS FOR RELIEF

3. Bankruptcy Code section 362 forestalls creditors from prosecuting their pre-

---

[2] The state court eviction action is styled: (1) *Lincoln Sunrise, LLC v. Lattea, LLC*, Case No. 50-2025-CC-003596-XXXA-SB.

petition actions against a debtor. *See* 11 U.S.C. § 362; *United Savings Assoc. of Tx. v. Timbers of Inwood Forest Assoc.*, 484 U.S. 365, 370 (1988). Courts have determined that "[a] primary purpose of the automatic stay provision is to afford debtors in Chapter 11 reorganizations an opportunity to continue their businesses with their available assets." *In re Rush-Hampton Industries, Inc.*, 98 F. 3d 614, 617 (11th Cir. 1996). Conversely, courts also have recognized that debtors cannot "hide under the protective umbrella of the automatic stay in order to gain time and prevent secured creditors from enforcing their legitimate claims." *In the Matter of Southwest Dev. Corp.*, 76 B.R. 196 (Bankr. M.D. Fla. 1987)(applying this principle in the context of a motion to dismiss Chapter 11 case and relief from automatic stay or adequate protection).

4. Section 362(d) of the Bankruptcy Code, in part, states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under section (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; and

11 U.S.C. § 362(d)(1). Accordingly, the Bankruptcy Code provides creditors with the ability to seek to be relieved of the burdens of the automatic stay.

5. While Bankruptcy Code section 362(d)(1) requires a creditor to show "cause" to obtain relief, it does not define the term. *Joyner Auto World v. George (In the Matter of George)*, 315 B.R. 624 (Bankr. S.D. Ga. 2004). "Whether cause exists to grant stay relief must be determined on a case by case basis based upon the totality of the circumstances in each particular case." *In re Mack*, 347 B.R. 911, 915 (Bankr. M.D. Fla. 2006).

6. Here, cause exists to grant Lincoln Sunrise relief from any automatic stay to complete its eviction action against LATTEA from the Property. On April 1, 2025, the Clerk of

Court entered a Default against LATTEA, thereby entitling Lincoln Sunrise to a final judgment of eviction. Further, LATTEA has retained possession of the Property and presumably continues to operate its business, despite being in arrears to Lincoln Sunrise for more than $25,000.00.[3] This includes $10,861.17 of past due rent alleged in Lincoln Sunrise's Verified Complaint for Possession, dated March 6, 2025; and $15,898.05 of accrued rent during the three (3) additional months between April through June 2025. Finally, Lincoln Sunrise has been contacted by prospective tenants and the stay is preventing issuance of a Final Judgment for eviction and Lincoln Sunrise's efforts to re-let the Property.

7.  The automatic stay does not apply to protect non-debtor entities or assets of non-debtor entities against foreclosure. *See In re Goldberg*, 221 B.R. 907 (Bankr. M.D. Fla. 1998). LATTEA is a non-debtor and therefore, its properties are not protected by the automatic stay. The relief sought is limited to completing the eviction process, *in rem*, through eviction of the non-debtor in possession of the Property.

8.  Lincoln Sunrise has conferred with the Chapter 13 Trustee and been advised that *"[t]he Trustee does not take a position on your motion for relief. The Plan filed by debtor does not include treatment for [Lincoln Sunrise]."*

**WHEREFORE**, for the reasons set forth above, Lincoln Sunrise respectfully requests that this Court enter an order: (i) granting the Motion; (ii) granting Lincoln Sunrise relief from the automatic stay to complete its eviction of the Property *in rem*, (iii) granting Lincoln Sunrise relief from the automatic stay to evict the Debtor from the Property; (iv) waiving the fourteen (14) day interim stay provided by Rule 4001(a)(3); and (v) granting any further and other relief as the Court

---

[3] While LATTEA owes Lincoln Sunrise unpaid rent for which the Debtor may be liable under the Guaranty, the relief sought by this Motion is limited to the, in rem, non-monetary eviction proceeding for possession of Lincoln Sunrise's Property.

deems just and appropriate under the circumstances.

Dated: June 24, 2025.

>Respectfully submitted,
>
>**GLENN L. WIDOM, P.A.**
>696 NE 125th Street
>North Miami, Florida 33161
>Telephone:    (305) 663-8770
>Email:            gwidom@gwidomlaw.com
>                       eservice@gwidomlaw.com
>
>By:      */s/ Glenn L. Widom, Esq.*
>           GLENN L. WIDOM, ESQ.
>           Florida Bar No. 024775
>
>ATTORNEYS FOR LINCOLN SUNRISE, LLC

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June 2025, a true and correct copy of the foregoing Motion was served by transmission of Notice of Electronic Filing generated by CM/ECF on all parties registered to receive Notices of Electronic Filing in this case.

>By:      */s/ Glenn L. Widom, Esq.*
>           GLENN L. WIDOM, ESQ.